## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ROY'S TRANSMISSION SHOP, INC.** | § § § § | |
| *Plaintiff,* | § § | |
| **V.** | § § | **CIVIL ACTION NO.:** _____ |
| **CENTRAL MUTUAL INSURANCE COMPANY,** | § § § § | |
| *Defendant.* | § § § | |

### DEFENDANT CENTRAL MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Central Mutual Insurance Company ("Central Mutual"), files this Notice of Removal and in support thereof, respectfully shows the Court as follows:

### I.    STATEMENT OF THE CASE

1.    This lawsuit arises from Roy's Transmission Shop, Inc.'s insurance claim for insurance proceeds under insurance policy number CLP 8664145 13, which Central Mutual issued to Plaintiff, effective April 1, 2023, to April 1, 2024, subject to all terms, definitions, exclusions, and conditions therein and all endorsements attached thereto.

2.    Plaintiff's underlying insurance claim alleged hail and wind damage to Plaintiff's commercial property. Plaintiff made its claim to Central Mutual on November 1, 2023, and the claim was opened as claim number 1000481523. Central Mutual investigated the claim and ultimately issued a partial denial.

3.      Subsequently, Plaintiff filed suit against Central Mutual, generally alleging Central Mutual improperly investigated the claim, engaged in unfair claim practices, and wrongfully denied the claim.

## II.    PROCEDURAL BACKGROUND

4.      On May 23, 2025, Plaintiff filed its original Petition and initiated a civil action in the District Court of Oklahoma County, Oklahoma, styled *Roy's Transmission Shop, Inc. v. Central Mutual Insurance Company*, Cause No. CL-2025-3638 ("State Court Action"). **Ex. 1**, Pl.'s Pet. A jury demand was made in the State Court Action. *Id.* ¶ 41.

5.      On October 23, 2025, Plaintiff served the Oklahoma Insurance Department with a copy of the Citation and Plaintiff's Original Petition. **Ex. 2**, Process. Central Mutual then timely filed an answer in the State Court Action on November 10, 2025. *See* **Ex. 3**, Original Answer, attached hereto and incorporated by reference.

6.      Central Mutual now timely files this Notice of Removal within the thirty-day timeframe for removal under 28 U.S.C. § 1446(b).

7.      Under 28 U.S.C. § 1441(a), venue is proper in the United States District Court for the Western District of Oklahoma because the District Court for Oklahoma County is located within the Western District of Oklahoma. *See* LCvR, p. 3.

## III.    ARGUMENT AND AUTHORITIES

8.      Central Mutual's removal of the State Court Action is proper based on diversity of citizenship jurisdiction.

9.      Under 28 U.S.C. § 1332(a)(1), diversity jurisdiction over a civil action exists in a federal district court when: (1) the amount in controversy exceeds $75,000, exclusive

of interest and costs; and, (2) none of the parties in interest properly joined and served as defendants are citizens of the same state as plaintiff. 28 U.S.C. § 1332(a)(1).

10.    Here, both requirements for subject matter jurisdiction based on diversity of citizenship are met in this case.

**A. The Parties are Completely Diverse.**

11.    Complete diversity of citizenship exists between Plaintiff and Central Mutual because Plaintiff is a citizen of Oklahoma and Central Mutual is a citizen of Ohio.

12.    Plaintiff is a corporation, and a corporation is a citizen of every state under the laws of which it is incorporated and of the state in which it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

13.    Plaintiff's petition states that Plaintiff is incorporated and organized under the laws of the State of Oklahoma and has its principal place of business in Oklahoma City, Oklahoma County, Oklahoma. *See* **Ex. 1**, Pl.'s Pet., ¶ 1. Therefore, pursuant to Plaintiff's judicial admissions, Plaintiff is a citizen of Oklahoma for purposes of diversity jurisdiction.

14.    Central Mutual is a corporation and is now, was at the time this suit was filed, and was at all times intervening, a corporation organized under the laws of the State of Ohio and has its principal place of business in the State of Ohio. Therefore, Central Mutual is a citizen of the State of Ohio and not a citizen of Oklahoma for purposes of diversity jurisdiction.

15.    Accordingly, the Parties are completely diverse because Plaintiff is a citizen of Oklahoma and Defendant is a citizen of Ohio for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

**B.      The Amount in Controversy Exceeds $75,000.00.**

16.      The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Central Mutual, as the party seeking to invoke federal jurisdiction, need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 571 U.S. 81, 87 (2014). When the petition presents a combination of facts and theories of recovery that support a claim in excess of $75,000, the amount in controversy is satisfied. *McPhail v. Deere Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

17.      The damages the plaintiff claims in the petition, if apparently claimed in good faith, are controlling. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

18.      When the State in which the plaintiff filed the original action does not permit the plaintiff's pleadings to state a demand for a specific sum, then the removing party's "amount-in-controversy allegation . . . should be accepted when not contested." *Owens*, 574 U.S. at 87.

19.      Plaintiff's petition does not state a specific monetary demand, as permitted under Oklahoma pleading rules. *See* OKLA. STAT. TIT. 12 § 2008(A)(2). Rather, Plaintiff alleges that Plaintiff has "suffered damages in the amount of at least $100,000" and that Plaintiff believes its damages "exceeds" this amount. **Ex. 2**, Pl.'s Pet., ¶¶ 18, 28. Additionally, Plaintiff seeks attorney's fees pursuant to OKLA. STAT. TIT. 36 § 3629. *Id.* ¶¶ 28, prayer. Accounting for the claim of over $100,000, in addition to Plaintiff's claims for attorney's fees, Plaintiff's petition demonstrates that the amount in controversy exceeds

$75,000.00, exclusive of interest and costs. As a result, the amount-in-controversy requirement is satisfied.

20.    Thus, because Plaintiff and Central Mutual are completely diverse and the amount-in-controversy requirement is satisfied, this Court has diversity jurisdiction over this action.

## IV.    INFORMATION FOR THE CLERK

21.    Pursuant to 28 U.S.C. § 1446(a), LCvR 3.1 and 81.2, Defendant attaches to this Notice of Removal the following:

(1) a completed civil cover sheet;

(2) the state court docket sheet as **Exhibit 4**;

(3) all executed process in the case as **Exhibit 5**; and,

(4) each document filed in the state court action, excluding discovery material.

22.    Defendant will file a separately signed Corporate Disclosure and Certificate of Interested Parties which complies with FED. R. CIV. P. 7.1, and LCvR 7.1.1.

23.    Defendant will promptly notify the District Court of Oklahoma County, Oklahoma of its Removal of the State Court Action to this federal Court pursuant to 28 U.S.C. § 1332(d).

## V.    JURY DEMAND

24.    Central Mutual requests a trial by jury in this Federal Court on all triable issues of fact.

## VI.    CONCLUSION

25.    This is a civil action in which this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiff chosen to file this action in this Court. Therefore, Central Mutual's removal of this civil action to this Court is proper under 28 U.S.C. § 1441(a) because the properly joined parties are citizens of different States, the amount in controversy exceeds $75,000, exclusive of interest and costs, and this Court is the district and division within which the State Court action is pending.

### PRAYER

WHEREFORE, Central Mutual Insurance Company respectfully removes the State Court Action from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Clinton J. Wolbert*
Clinton J. Wolbert
Oklahoma Bar No.: 34095
E-Mail: Clinton.wolbert@phelps.com
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: (713) 626-1386
Facsimile:  (713) 626-1388

**ATTORNEYS FOR DEFENDANT,
CENTRAL MUTUAL INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of this document has been served this 21st day of November 2025 to the following in accordance with the Federal Rules of Civil Procedure:

R. Ryan Deligans
Andrew M. Gunn
920 North Harvey
Oklahoma City, OK 73102-2610
rdeligans@dlb.net
agunn@dlb.net
***Attorneys for Plaintiff***

_____
Clinton J. Wolbert