OKLAHOMA INSURANCE DEPARTMENT
RECEIVED
OCT 23 2025
LEGAL DIVISION

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

ROY'S TRANSMISSION SHOP, INC.,

    Plaintiff,

v.

CENTRAL MUTUAL INSURANCE COMPANY,

    Defendant

Case No. **CJ-2025-3638**

## SUMMONS

To the above-named Defendant:   Central Mutual Insurance Company

You have been sued by the above-named Plaintiff, and you are directed to file a written Answer to the attached Petition in the Court at the above-address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of this action.

Issued this 23 day of May , 2025.

RICK WARREN, COURT CLERK

By: _____
Deputy Court Clerk

**(SEAL)**

Attorneys for Plaintiff:

R. Ryan Deligans, OBA #19793
Andrew M. Gunn, OBA #19470
Durbin, Larimore & Bialick
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone: (405) 235-9584

    This summons was served on: _____

_____
Signature of person serving Summons

**EXHIBIT
1**

#22152259 1



**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

9985 0267\ EOAs RRD_AMG_ Summons _ CCS(22152259 1)

#22152259 1

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

MAY 23 2025

RICK WARREN
COURT CLERK

114_____

ROY'S TRANSMISSION SHOP, INC.,

    Plaintiff,

v.

CENTRAL MUTUAL INSURANCE COMPANY,

    Defendant.

Case No.

**CJ-2025-3638**

## PETITION

COMES NOW Plaintiff, ROY'S TRANSMISSION SHOP, INC., and for its causes of action against Defendant, Central Mutual Insurance Company, alleges and states:

### A. Parties

1. ROY'S TRANSMISSION SHOP, INC. ("Roy's") is a business incorporated and organized under the laws of the State of Oklahoma with its principal location in Oklahoma City, Oklahoma County, Oklahoma.

2. Defendant, Central Mutual Insurance Company ("Central") is a foreign for-profit insurance corporation domiciled in Ohio.

3. The principal place of business for Defendant CENTRAL is in Ohio.

4. The Defendant CENTRAL conducts business in the State of Oklahoma, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. The damaged property at issue is located in Bethany, in Oklahoma County, in the State of Oklahoma.

#22151415 1

## B. Facts

6. At all times material hereto, the Plaintiff, Roy's, was insured under the terms and conditions of a property insurance policy, policy number CLP 8664145 13 ("the Policy"), issued by the Defendant Central

7. The Plaintiff's property is located at or near 4008 N. Redmond Ave., Bethany, Oklahoma.

8. At all times material hereto, the Plaintiff complied with all terms and conditions of its insurance policy

9. Plaintiff has at all times cooperated with Defendant Central's investigation of the claims at issue in this suit.

10 On or about June 10, 2023, Plaintiff's insured property sustained damage as a result of hail. Subsequently, Plaintiff presented a claim to Defendant Central for this covered damage.

11. Hail is a covered peril not limited or excluded pursuant to the terms and conditions of Plaintiff's property insurance policy with Defendant Central.

12. The Policy provides two years from the date of loss to bring a lawsuit.

13. After Plaintiff reported the loss, Defendant Central inspected the property and identified covered damage. However, Defendant ignored covered damage and omitted necessary repairs from its estimate and payment.

14. After Plaintiff's contractor identified additional damage to the property, Defendant Central acknowledged that it had overlooked additional damage to the property, determined that a portion of the modified bitumen roof surface would need to be removed and replaced, and issued an additional payment

2

#22151415 1

15.    When Plaintiff's contractor began to repair the hail damage to the property, moisture was identified throughout the roof system. An engineer confirmed the presence of hail damage and moisture through the roof system.

16.    Upon being notified of these issues, Defendant hired one of its go-to engineering vendors to support denial of Plaintiff's insurance claim. Predictably, the engineer ignored obviously covered damage and construction issues that would require the entire roof to be replaced.

17.    Defendant Central has refused to perform a reasonable and thorough investigation of Plaintiff's claim. Instead of working with Plaintiff to determine the proper scope and cost of repairing the covered damage, Defendant Central has treated Plaintiff like an adversary and has ignored evidence supporting coverage and additional payment on Plaintiff's claim.

18.    The cost of repairing Plaintiff's property is at least $100,000.00. To-date, Plaintiff has received approximately $2,700 from Defendant Central.

19.    To-date, Defendant Central has not paid Plaintiff enough to repair/replace the covered damage. Instead, Defendant Central has issued piecemeal payments to Plaintiff which are far less than the true cost of repairing/replacing the covered damage. As Defendant's estimates remain unreasonably low for the work required to repair the covered damage to Plaintiff's buildings, Plaintiff has not completed the necessary repairs.

20.    Defendant Central has wrongfully denied payment for damages which are clearly covered under the terms and conditions of the policy.

21.    Defendant Central repeatedly offered Plaintiff less than it was rightfully owed on its claim in an effort to save money and reduce its overall payout on the claim. Defendant Central's conduct has unreasonably delayed the resolution of Plaintiff's claim.

### Count I - Breach of Contract

22.    Plaintiff hereby asserts, alleges and incorporates paragraphs 1-21 herein.

3

#22151415 1

23.    The property insurance policy number CLP 8664145 13 issued by Defendant Central was in effect on June 10, 2023, and at all times relevant to Plaintiff's claim with Defendant.

24.    Subsequent to the hail event at Plaintiff's property, Plaintiff timely submitted an insurance claim to Defendant Central and provided repair/replacement estimates to Defendant Central in support of its claim.

25.    During its inspections following the loss, Defendant Central's representatives identified covered hail damage to Plaintiff's property. Thereafter, Defendant Central prepared various estimates and made several piecemeal payments on Plaintiff's claim. These payments reflected only a portion of the covered loss and a repair cost of far less than the cost of repairing the covered damage. Defendant Central's refusal to pay the amount required to repair and/or replace all of the obviously hail damaged property is a breach of Plaintiff's insurance policy issued by the Defendant.

26.    Defendant Central's continued refusal to pay Plaintiff the appropriate amount for repair and/or replacement of obviously hail damaged property is a breach of Plaintiff's insurance policy issued by Defendant Central.

27.    The acts and omissions of Defendant Central in the investigation, evaluation, and partial denial of Plaintiff's claim were unreasonable and constitute a breach of the insurance contract for which contractual damages are hereby sought. Defendant Central breached its contract with Plaintiff by failing to conduct a reasonable investigation of Plaintiff's claim and by improperly denying payment and coverage for Plaintiff's obviously hail damaged property and repairs.

28.    As a consequence of Defendant Central's breach of the insurance contract, Plaintiff has thus far suffered damages in the amount of at least $100,000, less any partial payment received from Defendant. Notably, Plaintiff believes the cost of repairing/replacing the covered damage

4

#221514151

exceeds the amount listed above. Plaintiff is also entitled to attorney fees, costs, and interest under 36 O.S. § 3629 or otherwise.

### Count II-Breach of the Duty of Good Faith and Fair Dealing

29. Plaintiff hereby asserts, alleges and incorporates paragraphs 1-28 herein.

30. The acts and omissions of the Defendant CENTRAL in the investigation, evaluation and partial payment of Plaintiff's claim were unreasonable and constitute a breach of the duty of good faith and fair dealing and for which bad faith and extra-contractual damages are hereby sought.

31. The property insurance policy issued by Defendant Central to Plaintiff was in effect on the date of loss identified above and at all times relevant to Plaintiff's hail claim with Defendant Central.

32. Subsequent to the hail event at Plaintiff's property, Plaintiff timely submitted a claim to Defendant Central. Following receipt of Plaintiff's claim, Defendant Central failed to conduct a reasonable investigation of Plaintiff's' wind and hail damage claim. Defendant Central has ignored and continues to ignore evidence supporting coverage and additional payments on Plaintiff's claim. As a result of its unreasonable, outcome-based investigation, Defendant Central failed to properly and fairly evaluate the claim and compensate Plaintiff for wind and hail damage which was covered under the policy.

33. Defendant Central's refusal to pay for repair and/or replacement of obviously wind and hail damaged property is a breach of the duty of good faith and fair dealing and represents a bad faith breach of Plaintiff's insurance policy issued by the Defendant.

34. Defendant Central's failure to properly evaluate and pay Plaintiff's claim has unreasonably delayed the resolution of Plaintiff's claim.

#2215141S 1

35.    Defendant Central refused to issue policy payments to Plaintiff for the full amount needed to repair and/or replace the obviously hail damaged property. Instead, Defendant Central severely underpaid Plaintiff's claim and then slowly doled out additional payments in an effort to use its financial leverage over Plaintiff to get it to accept less than the full value of this claim.

36.    Defendant's bad faith refusal to pay for the damage to Plaintiff's property building was unreasonable, outside of insurance company standards, committed in bad faith and was part of a nationwide claims strategy to improperly reduce claims payments.

37.    As a result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff has suffered damages, financial and otherwise, in excess of $75,000.

## Count III -Punitive Damages

38.    Plaintiff hereby asserts, alleges and incorporates paragraphs 1- 37 herein.

39.    The unreasonable conduct of the Defendant in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff for which punitive damages are hereby sought.

40.    Accordingly, Plaintiff seeks punitive damages in an amount to be determined by the jury but not less than the amount of actual damages sought at trial.

## Demand for Jury Trial

41.    The Plaintiff hereby requests that the matters set forth herein be determined by a jury of its peers.

## Prayer

Having properly pled, the Plaintiff, ROY'S TRANSMISSION SHOP, INC., hereby seeks damages for breach of contract and breach of the duty of good faith and fair dealing, contractual, as well as punitive damages, against the Defendant, Central Mutual Insurance Company, for its

6

#22151415 1

conduct along with all damages allowed by and supported by law and statute, together in an amount in excess of $75,000.00, including costs, interest and attorney fees.

DURBIN, LARIMORE & BIALICK

By: _____
R. Ryan Deligans, OBA #19793
Andrew M. Gunn, OBA #19470
920 North Harvey
Oklahoma City, OK 73102-2610
Telephone: (405) 235-9584
Facsimile: (405) 235-0551
rdeligans@dlb.net; agunn@dlb.net
Attorneys for Plaintiff

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

9985 0267\Petition(22151415 1)

7

#22151415 1